**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**STATE OF NEW YORK and THOMAS C.**
**JORLING, as Trustee of the Natural Resources,**

                      **Plaintiffs,**

        v.                                    **3:89-CV-815**
                                                      **(FJS/DEP)**

**HONEYWELL INTR. INC., also known as Honeywell, Inc.,**

                      **Defendant,**

**ALLIED-SIGNAL, INC.,**

                      **Counter-Claimant**

        v.

**STATE OF NEW YORK and THOMAS C.**
**JORLING,**

                      **Counter-Defendants.**

_____

**APPEARANCES**                                        **OF COUNSEL**

**OFFICE OF THE NEW YORK**           **NORMAN SPIEGEL, AAG**
**STATE ATTORNEY GENERAL**          **ANDREW J. GERSHON, AAG**
120 Broadway
New York, New York 10271
Attorneys for Plaintiffs and Counter-
Defendants

**HISCOCK & BARCLAY LLP**             **DOUGLAS J. NASH, ESQ.**
Financial Plaza
221 South Warren Street
P.O. Box 4878
Syracuse, New York 13202-1662
Attorneys for Defendant

| | |
|---|---|
| **ARNOLD & PORTER LLP** | **THOMAS H. MILCH, ESQ.** |
| 555 12th Street N.W. | **JOEL M. GROSS, ESQ.** |
| Washington, D.C. 20004 | |
| Attorneys for Defendant | |
| | |
| **DREYER BOYAJIAN LLP** | **CHRISTOPHER A. AMATO, ESQ.** |
| 75 Columbia Street | |
| Albany, New York 12210 | |
| Attorneys for Proposed Intervenor | |
| Onondaga Nation | |
| | |
| **OFFICE OF JOSEPH J. HEATH** | **JOSEPH J. HEATH, ESQ.** |
| 716 East Washington Street, Suite 104 | |
| Syracuse, New York 13202 | |
| Attorneys for Proposed Intervenor | |
| Onondaga Nation | |

**SCULLIN, Chief Judge**

## ORDER

On June 22, 2005, Proposed Intervenor Onondaga Nation ("the Nation") filed a motion to intervene for the sole purpose of seeking an amendment to the March 1992 Consent Decree to extend the issuance date of the State's final Record of Decision ("ROD") for an additional thirty-day period, i.e., from July 1, 2005 until August 1, 2005.[1] In addition, the Nation sought a

---

[1] Specifically, the Nation sought to have the parties to this action show cause why the Court should not issue an Order

> 1. Pursuant to Fed. R. Civ. P. 24(a) and 42 U.S.C. § 9613(i) granting the Nation intervention in this action as of right or, in the alternative, pursuant to Fed. R. Civ. P. 24(b) by permission, for the limited purpose of seeking an amendment to the Stipulation and Order entered by this Court on March 16, 1992, as amended ("Stipulation and Order"); and
>
> 2. Amending the Stipulation and Order by postponing the deadline for issuance of a final Record of Decision ("ROD") for the Onondaga Lake Bottom Subsite from July 1, 2005 to August 1,

(continued...)

temporary restraining order to enjoin Plaintiff New York State from issuing its ROD pending this Court's determination of its motion to intervene. Both Plaintiffs and Defendant filed a memorandum of law in opposition to the Nation's requests. *See* Dkt. Nos. 184-185. The Court held a telephone conference with counsel for the parties on June 30, 2005, issued an oral ruling at that time, and informed counsel that it would issue a written Order setting forth its decision.

Accordingly, having reviewed the parties' submissions and the applicable law and for the reasons stated during the telephone conference, the Court hereby

**ORDERS** that the Nation's motion to intervene is **DENIED** as untimely; and the Court further

**ORDERS** that the Nation's request for a temporary restraining order to enjoin Plaintiff New York State from issuing its ROD pending the Court's determination of its motion is

---

[1](...continued)
2005, for the purpose of permitting the consultation process among the New York State Department of Environmental Conservation ("DEC"), the U.S. Environmental Protection Agency ("EPA"), and the Nation concerning the proposed remedy for the Onondaga Lake Bottom Subsite to be completed . . .

*See* Dkt. No. 183 at 1-2.

intervene is **DENIED** on the ground that the Nation failed to demonstrate either irreparable harm or a likelihood of success on the merits of its claim.[2]

**IT IS SO ORDERED.**

Dated: July 1, 2005
      Syracuse, New York

                            Frederick J. Scullin, Jr.
                            Chief United States District Court Judge

---

[2] For purposes of these motions, the Court assumes that it has subject matter jurisdiction over the Nation's claim.