UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
STATE OF NEW YORK and THOMAS C. JORLING   :
as Trustee of the Natural Resources,

                                    :
                        Plaintiffs,              3-89-CV-815
                                    :            Judge Scullin
        -against-
                                    :
HONEYWELL INTERNATIONAL INC.,
                                    :
                        Defendant.
--------------------------------------------------------------------X

### STIPULATION AND ORDER AMENDING CONSENT DECREE

The State of New York (the "State") and Honeywell International Inc. ("Honeywell")

hereby stipulate as follows:

**WHEREAS**, the State filed a complaint against AlliedSignal, Inc. (predecessor to

Honeywell) on June 27, 1989 asserting various claims under the Comprehensive

Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601,

*et seq.* ("CERCLA"); the New York Environmental Conservation Law, § 17-0501; the New

York Real Property Actions and Proceedings Law, § 841; and the State's common law of

public nuisance;

**WHEREAS**, on March 16, 1992, the Court entered an interim consent decree

("Consent Decree") which provided, *inter alia*, for the performance of a Remedial

Investigation and Feasibility Study ("RI/FS") in accordance with federal and state laws and

regulations, to address contamination and the threat of further contamination of the Onondaga

Lake System by the waste substances of Honeywell and possibly others;

**WHEREAS**, the Consent Decree has subsequently been amended on several

occasions, including by stipulations and orders amending the Consent Decree filed on July

18, 2000; March 19, 2001; May 30, 2002 ("2002 Stipulation and Order"); January 29, 2004;

May 28, 2004; November 19, 2004; April 1, 2005; August 2, 2005; and May 12, 2006;

      **WHEREAS**, all Consent Decree schedule milestones concerning the Onondaga Lake

Bottom portion of the site have been met by the parties, and based on the Proposed Plan for

remediation developed for the Lake Bottom pursuant to the Consent Decree and resulting

record of decision ("ROD"), the parties negotiated a consent decree pursuant to which

Honeywell will undertake remediation of the Lake Bottom, which the Court approved on

January 4, 2007 (the "2007 Lake Bottom Consent Decree");

      **WHEREAS**, Honeywell has submitted a revised Geddes Brook/Ninemile Creek FS

Report that is sufficiently complete to generate a Proposed Plan for remediation, completing

its last Consent Decree milestone concerning the Geddes Brook/Ninemile Creek portion of

the site;

      **WHEREAS**, a remedial investigation is being conducted pursuant to a separate

administrative consent order between the State and Honeywell of an area known as

Wastebeds 1-8, which overlaps with a portion of the Geddes Brook/Ninemile Creek site,

known as Operable Unit 2, and the remedy that is selected for Wastebeds 1-8 will therefore

likely determine or significantly influence the State's selection of a remedy for Operable Unit

2 of the Geddes Brook/Ninemile Creek site;

      **WHEREAS**, the remedial investigation of the Wastebeds 1-8 site is still in its

preliminary stages;

      **WHEREAS**, to minimize delays to remediation of the entire Geddes Brook/

Ninemile Creek site until the parties have developed the remedy for the Wastebeds 1-8 site,

2

the parties have decided to bifurcate the remediation of the remaining, non-overlapping

portion of the Geddes Brook/Ninemile Creek site, known as Operable Unit 1, which has

required them to revise the areas, contaminated soil volumes and costs associated with the

various remedial alternatives being considered for inclusion in the proposed plan of

remediation for Operable Unit 1;

WHEREAS, in light of the above, by Stipulation and Order dated May 12, 2006 the

remedial track for the Geddes Brook/Ninemile Creek site was divided into separate tracks for

Operable Units 1 and 2 for purposes of the Consent Decree, with new deadlines adopted for

the State to (a) issue a proposed plan for remediation (by January 8, 2007) and (b) approve

the revised Geddes Brook/Ninemile Creek Feasible Study Report, if warranted, and issue a

ROD, with respect to Operable Unit 1 (by May 21, 2007), and a separate new milestone for

Operable Unit 2 created, under which the State must report to the Court (by June 8, 2007) as

to the progress on the remedial investigation with respect to Wastebeds 1-8, and propose

deadlines by which it must (a) issue a proposed plan for remediation for Operable Unit 2 and

(b) approve the revised Geddes Brook/Ninemile Creek Feasible Study Report, if warranted,

and issue a ROD, with respect to Operable Unit 2;

WHEREAS, subsequent to the May 12, 2006 stipulation and order, the parties

reached an impasse as to the appropriate target cleanup levels for the contaminants at issue to

be achieved in the remediation of Geddes Brook/Ninemile Creek;

WHEREAS, to help resolve this dispute, the parties agreed that they would develop

site-specific cleanup levels based on site-specific data, a manner similar to that used for the

Lake Bottom portion of the site, and outlined a process of data gathering, laboratory analysis,

reporting and review that would take approximately 16 months, and would culminate in the

State's issuance of a draft proposed plan for remediation predicated on the site-specific

cleanup level(s);

WHEREAS, it is the policy of the United States Environmental Protection Agency

("EPA"), which has regulatory responsibility under CERCLA for the Onondaga Lake System,

a National Priorities List Superfund site, that all draft proposed Superfund cleanup decisions

the implementation of which are estimated to exceed $25 million must be presented to EPA's

National Remedy Review Board ("NRRB"), which is made up of representatives of various

EPA regions from across the nation, for review, comment, and resolution of any issues raised

before EPA finalizes the decision, in order to bring consistency to the Superfund program;

WHEREAS, it appears that the proposed plan for remediation that the State may

select for the Geddes Brook/Ninemile Creek site may exceed $25 million to implement,

EPA's threshold for NRRB review, which process can require six months or more to

complete after a proposed plan of remediation is drafted, and would further necessitate

extension of the remaining Geddes Brook/Ninemile Creek milestones;

WHEREAS, in light of the above, the State has proposed that the deadlines for the

State to (1) issue a draft proposed plan for remediation for Geddes Brook/Ninemile Creek

and (2) approve the revised Geddes Brook/Ninemile Creek Feasible Study Report, if

warranted, and issue a Record of Decision, with respect to Operable Unit 1 of that site, each

be extended approximately 22 months;

**WHEREAS,** the Consent Decree amendments sought by the State have factored in six months to accommodate any NRRB review of the State's draft proposed plan of remediation for Operable Unit 1 once it is complete;

**WHEREAS,** Honeywell concurs that developing site-specific cleanup levels for the Geddes Brook/Ninemile Creek site has merit, and therefore supports the State's proposed Original Consent Decree amendments;

**WHEREAS,** in light of the schedule and terms set forth in the 2007 Lake Bottom Consent Decree, which are in no way modified by this Stipulation and Order, the State believes that the additional time provided to complete the Geddes Brook/Ninemile Creek track should not cause a delay of the cleanup of the Onondaga Lake Bottom subsite under the 2007 Lake Bottom Consent Decree;

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Paragraph 5 of the 2002 Stipulation and Order is hereby amended and superseded as follows:

5.   The following schedule shall apply for completion of the Geddes Brook/Ninemile Creek RI/FS with respect to Operable Unit 1:

K.   The State issues a PP for Geddes Brook/Ninemile Creek Operable Unit 1 by November 19, 2008.

L.   The State approves the revised Geddes Brook/Ninemile Creek FS Report for Operable Unit 1, if warranted, and issues Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 1 (or the State issues a determination disapproving and revising the FS report or seeks appropriate relief from the Court) by April 30, 2009.

M.   The State reports to the Court as to the status of the remedial investigation of Wastebeds 1-8, and proposes deadlines for the State (1) to issue a PP for Operable Unit 2 of the Geddes Brook/Ninemile Creek site and (2) to approve the revised Geddes Brook/Ninemile Creek FS Report for

Operable Unit 2, if warranted, and issue a Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 2 (or issue a determination disapproving and revising the FS report or seeks appropriate relief from the Court), by June 1, 2007.[3]

**SO AGREED**:

For Honeywell International Inc.                    For the State of New York

**s/Thomas Milch**  January 9, 2007            **s/ Andrew J.  Gershon** January 9, 2006
THOMAS MILCH (pro hac vice)                   ANDREW J.  GERSHON (511402)
Arnold & Porter                                Assistant Attorney General
555 Twelfth Street, NW                         State of New York
Washington, DC 20004-1206                      Office of the Attorney General
Tel: (202) 942-5030                            120 Broadway
Fax: (202) 942-5999                            New York, New York 10271
E-mail: Thomas_Milch@aporter.com               Tel: (212) 416-8474
Attorneys for Defendant                        Fax: (212) 416-6007
                                               E-mail: Andrew.Gershon@oag.state.ny.us

                                               Of Counsel to ANDREW M. CUOMO
                                               Attorney General of the State of New York
                                               Attorney for Plaintiffs

**SO ORDERED** this 10th day of Jan., 2007

_____
                                    U.S.D.J.

---

[3] This milestone (Paragraph M) is not being amended or superseded by this stipulation and order.  However, it is being included herein so all of the extant milestones governing the Geddes Brook/Ninemile Creek process will continue to be contained in one scheduling order.