UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STATE OF NEW YORK and THOMAS C. JORLING :
as Trustee of the Natural Resources,

                                Plaintiffs,         3-89-CV-815
                                                       Judge Scullin

    -against-

HONEYWELL INTERNATIONAL INC.,

                                Defendant.
------------------------------------------------------------X

## STIPULATION AND ORDER AMENDING CONSENT DECREE

The State of New York (the "State") and Honeywell International Inc. ("Honeywell") hereby stipulate as follows:

**WHEREAS**, the State filed a complaint against AlliedSignal, Inc. (predecessor to Honeywell) on June 27, 1989 asserting various claims under the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"); the New York Environmental Conservation Law, § 17-0501; the New York Real Property Actions and Proceedings Law, § 841; and the State's common law of public nuisance;

**WHEREAS**, on March 16, 1992, the Court entered an interim consent decree ("Consent Decree") which provided, *inter alia*, for the performance of a Remedial Investigation and Feasibility Study ("RI/FS") in accordance with federal and state laws and regulations, to address contamination and the threat of further contamination of the Onondaga Lake System by the waste substances of Honeywell and possibly others;

**WHEREAS**, the Consent Decree has subsequently been amended on several occasions, including by stipulations and orders amending the Consent Decree filed on July 18, 2000; March

19, 2001; May 30, 2002 ("2002 Stipulation and Order"); January 29, 2004; May 28, 2004; November 19, 2004; April 1, 2005; August 2, 2005; May 12, 2006; and January 10, 2007;

**WHEREAS**, all Consent Decree schedule milestones concerning the Onondaga Lake Bottom portion of the site have been met by the parties, and based on the Proposed Plan for remediation developed for the Lake Bottom pursuant to the Consent Decree and resulting record of decision ("ROD"), the parties negotiated a consent decree pursuant to which Honeywell will undertake remediation of the Lake Bottom, which the Court approved on January 4, 2007 (the "2007 Lake Bottom Consent Decree");

**WHEREAS**, Honeywell has submitted a revised Geddes Brook/Ninemile Creek FS Report that is sufficiently complete to generate a Proposed Plan for remediation, completing its last Consent Decree milestone concerning the Geddes Brook/Ninemile Creek portion of the site;

**WHEREAS**, a remedial investigation is being conducted pursuant to a separate administrative consent order between the State and Honeywell of an area known as Wastebeds 1-8, which overlaps with a portion of the Geddes Brook/Ninemile Creek site, known as Operable Unit 2, and the remedy that is selected for Wastebeds 1-8 will therefore likely determine or significantly influence the State's selection of a remedy for Operable Unit 2 of the Geddes Brook/Ninemile Creek site;

**WHEREAS**, the remedial investigation of the Wastebeds 1-8 site is still in progress;

**WHEREAS**, to minimize delays to remediation of the entire Geddes Brook/Ninemile Creek site until the parties have developed the remedy for the Wastebeds 1-8 site, the parties have decided to bifurcate the remediation of the remaining, non-overlapping portion of the Geddes Brook/Ninemile Creek site, known as Operable Unit 1, which has required them to revise

2

the areas, contaminated soil volumes and costs associated with the various remedial alternatives being considered for inclusion in the proposed plan of remediation for Operable Unit 1;

**WHEREAS,** in light of the above, by Stipulation and Order dated May 12, 2006 the remedial track for the Geddes Brook/Ninemile Creek site was divided into separate tracks for Operable Units 1 and 2 for purposes of the Consent Decree, with new deadlines adopted for the State to (a) issue a proposed plan for remediation (by January 8, 2007) and (b) approve the revised Geddes Brook/Ninemile Creek Feasible Study Report, if warranted, and issue a ROD, with respect to Operable Unit 1 (by May 21, 2007), and a separate new milestone for Operable Unit 2 created, under which the State must report to the Court (by June 8, 2007) as to the progress on the remedial investigation with respect to Wastebeds 1-8, and propose deadlines by which it must (a) issue a proposed plan for remediation for Operable Unit 2 and (b) approve the revised Geddes Brook/Ninemile Creek Feasible Study Report, if warranted, and issue a ROD, with respect to Operable Unit 2;

**WHEREAS,** subsequent to the May 12, 2006 stipulation and order, the parties reached an impasse as to the appropriate target cleanup levels for the contaminants at issue to be achieved in the remediation of Geddes Brook/Ninemile Creek;

**WHEREAS,** to help resolve this dispute, the parties agreed that they would develop site-specific cleanup levels based on site-specific data, a manner similar to that used for the Lake Bottom portion of the site, and outlined a process of data gathering, laboratory analysis, reporting and review that would take approximately 16 months, and would culminate in the State's issuance of a draft proposed plan for remediation predicated on the site-specific cleanup level(s);

**WHEREAS,** it is the policy of the United States Environmental Protection Agency

3

("EPA"), which has regulatory responsibility under CERCLA for the Onondaga Lake System, a National Priorities List Superfund site, that all draft proposed Superfund cleanup decisions the implementation of which are estimated to exceed $25 million must be presented to EPA's National Remedy Review Board ("NRRB"), which is made up of representatives of various EPA regions from across the nation, for review, comment, and resolution of any issues raised before EPA finalizes the decision, in order to bring consistency to the Superfund program;

**WHEREAS**, it appears that the proposed plan for remediation that the State may select for the Geddes Brook/Ninemile Creek site may exceed $25 million to implement, EPA's threshold for NRRB review, which process can require six months or more to complete after a proposed plan of remediation is drafted, and would further necessitate extension of the remaining Geddes Brook/Ninemile Creek milestones;

**WHEREAS,** in light of the above, the State proposed, in January, 2007, that the deadlines for the State to (1) issue a draft proposed plan for remediation for Geddes Brook/Ninemile Creek and (2) approve the revised Geddes Brook/Ninemile Creek Feasible Study Report, if warranted, and issue a Record of Decision, with respect to Operable Unit 1 of that site, each be extended approximately 22 months, and by Stipulation and Order dated January 10, 2007, those deadlines were extended accordingly;

**WHEREAS**, the State additionally proposed, in January, 2007, that by June 1, 2007, it report to the Court as to the status of the remedial investigation of Wastebeds 1-8, and propose deadlines for the State (1) to issue a PP for Operable Unit 2 of the Geddes Brook/Ninemile Creek site and (2) to approve the revised Geddes Brook/Ninemile Creek FS Report for Operable Unit 2, if warranted, and issue a Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 2

4

(or issue a determination disapproving and revising the FS report or seeks appropriate relief from the Court), and by Stipulation and Order dated January 10, 2007, the Consent Decree was amended accordingly;

**WHEREAS**, on June 1, 2007, the State reported to the Court as to the status of the remedial investigation of Wastebeds 1-8, and proposed that: (1) the deadline for the State to issue a PP for Operable Unit 2 of the Geddes Brook/Ninemile Creek site be May 19, 2009; and (2) the deadline for the State to approve the revised Geddes Brook/Ninemile Creek FS Report for Operable Unit 2, if warranted, and issue a Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 2 (or issue a determination disapproving and revising the FS report or seeks appropriate relief from the Court) be October 30, 2009;

**WHEREAS**, Honeywell did not object to the State's proposed deadlines, and the Court directed the parties to submit a proposed stipulation and order;

**WHEREAS**, in light of the schedule and terms set forth in the 2007 Lake Bottom Consent Decree, which are in no way modified by this Stipulation and Order, the State believes that the additional time provided to complete the Geddes Brook/Ninemile Creek track should not cause a delay of the cleanup of the Onondaga Lake Bottom subsite under the 2007 Lake Bottom Consent Decree;

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Paragraph 5 of the 2002 Stipulation and Order is hereby amended and superseded as follows:

    5.   The following schedule shall apply for completion of the Geddes Brook/Ninemile Creek RI/FS with respect to Operable Unit 1:

5

K. The State issues a PP for Geddes Brook/Ninemile Creek Operable Unit 1 by November 19, 2008.

L. The State approves the revised Geddes Brook/Ninemile Creek FS Report for Operable Unit 1, if warranted, and issues Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 1 (or the State issues a determination disapproving and revising the FS report or seeks appropriate relief from the Court) by April 30, 2009.

M. The State issues a PP for Geddes Brook/Ninemile Creek Operable Unit 2 by May 19, 2009.

N. The State approves the revised Geddes Brook/Ninemile Creek FS Report for Operable Unit 2, if warranted, and issues Record of Decision for Geddes Brook/Ninemile Creek Operable Unit 2 (or the State issues a determination disapproving and revising the FS report or seeks appropriate relief from the Court) by October 30, 2009.

**SO AGREED:**

For Honeywell International Inc.

**s/Thomas Milch**  June 13, 2007
THOMAS MILCH (pro hac vice)
Arnold & Porter
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel: (202) 942-5030
Fax: (202) 942-5999
E-mail: Thomas_Milch@aporter.com
Attorneys for Defendant

For the State of New York

**s/ Andrew J. Gershon** June 13, 2006
ANDREW J. GERSHON (511402)
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271
Tel: (212) 416-8474
Fax: (212) 416-6007
E-mail: Andrew.Gershon@oag.state.ny.us

Of Counsel to ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Plaintiffs

SO ORDERED this 14th day of June, 2007

_____
U.S.D.J.

6